UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ASHLEY LEONARD**, | ) |
| Plaintiff | ) ) ) |
| v. | ) **Case No.:** |
| **FIRST CREDIT SERVICES, INC.**, | ) ) **COMPLAINT AND DEMAND FOR** |
| Defendant | ) **JURY TRIAL** ) |
| | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

ASHLEY LEONARD ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FIRST CREDIT SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

- 1 -

PLAINTIFF'S COMPLAINT

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.   Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.   Plaintiff is a natural person residing in Pittsburgh, Pennsylvania 15206.

6.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.   Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8.   Defendant is a national debt collection company with its corporate headquarters located at 377 Hoes Lane, Suite 200, Piscataway, New Jersey 08854.

9.   Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.  Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff has a cellular telephone number.

13. Plaintiff has only used this phone as a cellular telephone.

14. Beginning in March 2016 and continuing through July 2016, Defendant repeatedly contacted Plaintiff in its attempts to collect a Gold's Gym debt that was incurred for personal, family or household purposes.

15. Defendant contacted Plaintiff from the following phone number: (646) 568-9946. The undersigned has confirmed that this phone number belongs to the Defendant.

16. During this time, Plaintiff received automated calls.

17. The automated calls from Defendant began with a pre-recorded voice.

18. Plaintiff spoke to Defendant on July 11, 2016 and told Defendant to stop calling her regarding this alleged consumer debt, revoking any consent Defendant may have previously had to call her number.

19. Once Defendant was informed that their calls were unwanted and to stop calling, there was no lawful to making further calls, nor was there any good faith reason to place calls.

20. Plaintiff failed to update its records to restrict calls to Plaintiff's cellular telephone and continued to call her multiple times on the following day, July 12, 2016.

PLAINTIFF'S COMPLAINT

21. It was aggravating, annoying and harassing for Plaintiff to receive continuous collection calls on her cellular telephone.

22. Plaintiff knows Defendant has been calling her because she has spoken to male collectors who have stated or identified their company name.

23. Plaintiff did not receive any written notices from Defendant regarding the alleged gym debt they are attempting to collect.

24. After Plaintiff's request to stop calling was ignored by Defendant, she had no other option but to block Defendant's calls by downloading a blocking application.

25. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA

26. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

28. Defendant violated §§1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff and continued to call after she told them to

stop calling.

## COUNT II
## **DEFENDANT VIOLATED § 1692g OF THE FDCPA**

29. A debt collector violates §1692g if within five days after initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

30. Defendant violated §1692g by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt.

- 5 -

PLAINTIFF'S COMPLAINT

# COUNT III
# DEFENDANT VIOLATED THE TCPA

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

33. Defendant's calls to Plaintiff were not made for emergency purposes as they were attempting to contact an unknown third party.

34. Defendant's calls to Plaintiff, on and after February 2016, were not made with Plaintiff's prior express consent.

35. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, ASHLEY LEONARD, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

    d.    All actual damages suffered pursuant to 47 U.S.C.§ 227(b)(3)(A);

    e.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    h.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ASHLEY LEONARD, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

                                                RESPECTFULLY SUBMITTED,

Date: 7/22/2016              By: /s/ Amy L. Bennecoff Ginsburg
                                        Amy L. Bennecoff Ginsburg, Esq.
                                        Kimmel & Silverman, P.C.
                                        30 East Butler Pike
                                        Ambler, Pennsylvania 19002
                                        Phone: (215) 540-8888
                                        Facsimile: (877) 788-2864
                                        Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT